IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY S. RYAN, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-614-S-BN |
| | § | |
| WHATABURGER RESTAURANTS, | § | |
| LLC and CARLOS G. LOPEZ, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 1.

Plaintiff Tracy S. Ryan, Sr. initially filed a *pro se* complaint that appeared to allege claims arising out of an arbitration with his employer – Defendant Whataburger Restaurants, LLC ("Whataburger"). *See* Dkt. No. 3.

Ryan then retained counsel, *see* Dkt. No. 10, and filed a First Amended Complaint to Vacate Arbitration Award, *see* Dkt. No. 11, which the undersigned construes as being brought under the Federal Arbitration Act ("FAA").

For the following reasons, the Court should dismiss Ryan's First Amended Complaint to Vacate Arbitration Award [Dkt. No. 11] for lack of subject matter jurisdiction.

**Background**

This case arises out of personal injuries Plaintiff Tracy S. Ryan, Sr. sustained in May 2022 while working for Defendant Whataburger.

Ryan brought negligence claims against Whataburger, alleging that he was a "new hire with a learning disability" and "was misguided into lifting a heavy trash cart over his head to dump its contents over the top of a dumpster," which resulted in severe injury. *Id.* at 4-6.

It appears that Ryan initially filed his lawsuit against Whataburger in the 101st Judicial District Court of Dallas County, Texas, which was stayed after the parties proceeded to arbitration under Ryan's arbitration agreement with Whataburger. *See id.* at 2.

On February 24, 2025, Arbitrator Carlos G. Lopez purportedly rendered a "take-nothing" arbitration award. *See id.* at 1-2.

Ryan then filed his complaint, seeking vacatur of the arbitration award, which the undersigned construes as being brought under under 9 U.S.C. § 10(a).

**Legal Standards**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## Analysis

I. **The FAA, standing alone, does not confer subject matter jurisdiction.**

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, bestows no federal jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Andrew v. Talbot*, 883 F. App'x 473, 474 (10th Cir. 2021) ("The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis."). Stated differently, "[a] district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, Civil Action No. 1:20-CV-00069-H-BU, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020) (dismissing similar complaint by another Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction).

"Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 26 1, 26 n.32 (1983)).

The United States Supreme Court has addressed the issue of when a district court may assert jurisdiction over a request to confirm or vacate an arbitral award under Sections 9 and 10 of the FAA. *See Badgerow v. Walters*, 596 U.S. 1 (2022). The

Supreme Court concluded that "Section 9 and 10 applications conform to the normal – and sensible – judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Id.* at 18. Although the underlying dispute "may have originated in the arbitration of a federal-law dispute[,]" "the underlying dispute is not now at issue." *Id.* "Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law." *Id.* "And adjudication of such state-law contractual rights [ ] typically belongs in state courts." *Id.*

And, so, district courts may not "look through" the application to the underlying claims to find a basis for subject matter jurisdiction. *See id.* at 11-12.

Instead, "when a party applies to a district court to confirm, modify, or vacate an arbitral award, it must establish on the face of the application a basis for subject matter jurisdiction separate and apart from the FAA. To accomplish this, it must be shown that (1) there is complete diversity among the parties and the amount in controversy exceeds $75,000, or (2) that federal law ... entitles the applicant to relief." *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 755 (5th Cir. 2024) (cleaned up).

And "[t]he amount in controversy in an action to vacate an arbitration award is not the amount of the actual arbitration award but the amount demanded in the underlying arbitration." *Mai v. Art Inst. of Dallas Aii, LLC*, No. 3:23-cv-1275-D, 2023 WL 5986464, at *2 (N.D. Tex. Sept. 14, 2023) (citing *Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 182-83 (5th Cir. 2016)).

For the reasons explained below, Ryan fails to allege an independent

jurisdictional basis for federal subject matter jurisdiction.

**II.     Ryan fails to meet his burden to allege federal question jurisdiction exists.**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).

And, so, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

But Ryan does not allege facts asserting his claims against Whataburger are based on federal law.

And, so, Ryan cannot plead an independent basis for federal question jurisdiction. *Accord Freshwadda v. Villas at Green Valley*, No. 3:22-cv-1637-K-BN, 2022 WL 18396017 (N.D. Tex. Dec. 30, 2022), *report and recommendation adopted*, No. 3:22-cv-1637-K-BN, 2023 WL 319952 (N.D. Tex. Jan. 19, 2023).

**III.    Ryan fails to meet his burden to allege diversity jurisdiction exists.**

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Here, Ryan alleges that "[t]his Court has jurisdiction over the subject matter as a result of diversity of citizenship of the parties." Dkt. No. 11 at 2.

Ryan states that he is "an individual who resides in Texas and is a citizen of Texas," Defendant Whataburger is a "Delaware limited liability company engaged in business in Dallas County, Texas" and that can be served with process in Texas, and Defendant Carlos G. Lopez is "an outstanding individual and citizen of Dallas County, Texas" that can be served in Texas. *See id.* at 1-2.

These allegations are not sufficient to allege citizenship under Section 1332 for multiple reasons.

"The difference between citizenship and residency is a frequent source of confusion"; "[f]or natural persons, § 1332 citizenship is determined by domicile, which

requires residency plus an intent to make the place of residency one's permanent home"; and "[a]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship" because "residency is not citizenship for purposes of § 1332." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407, 408 (5th Cir. 2023) (cleaned up).

A limited liability company's citizenship "is determined by the citizenship of all of its members." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). And "the appropriate tests for citizenship involve tracing entities' citizenship down the various organizational layers where necessary." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 768 (5th Cir. 2015).

Ryan does not allege any information regarding the members of Defendant Whataburger or the citizenship of each of the members.

And, insofar as Ryan's allegations were sufficient as currently pleaded, complete diversity is lacking because each side of this controversy would purportedly include Texas citizens.

Concerning the amount in controversy, the First Amended Complaint states that "[t]he amount in controversy is within the minimum jurisdictional limits of this Court and exceeds $75,000.00." *Id.* at 2.

But, based on the live pleading's "bare allegations of jurisdictional facts (that is, merely stat[ing], without any elaboration, that the matter [or amount] in controversy exceeds" $75,000)," *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & n.12 (5th Cir. 1998) (cleaned up), the undersigned cannot ascertain the amount demanded in the underlying arbitration, which provides for the amount in controversy in an action to vacate an arbitration award, *see Mai*, 2023 WL 5986464, at *2.

And, so, Ryan has failed to allege that diversity jurisdiction exists.

## Recommendation

The Court should dismiss Ryan's First Amended Complaint to Vacate Arbitration Award [Dkt. No. 11] for lack of subject matter jurisdiction.

The 14-day objection period, as outlined below, provides Plaintiff Tracy S. Ryan, Sr. with an opportunity to respond and, if he can, show to the Court it has federal subject matter jurisdiction over this action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE